# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-10542
Summary Calendar

---

CHARLES LACY,

Plaintiff-Appellant,

versus

ART MOSLEY, Deputy Executive Director TDCJ;
ROBERT KOENIG, Risk Management Manager TDCJ;
DARWIN SANDERS, Warden I; MILTON DIXON,
Unit Risk Management Coordinator;
RONALD BRIGGS, Food Service Manager III,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-67
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
April 3, 2002

Before JOLLY, DEMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Charles Lacy, Texas prisoner #511409, appeals from the district court's grant of the defendants' motion for summary judgment based on a defense of qualified immunity. Lacy argues that there is a genuine issue of material fact regarding his contention that the defendants were deliberately indifferent to inmate safety because they caused inmates in the food services department to transport hot water in plastic trash cans that collapsed when filled with hot water and caused a burn on Lacy's ankle. In his reply brief, he belatedly asserted that the defendants were not entitled to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualified immunity because they did not allege that their actions regarding the prison's water transportation policy was a discretionary function. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994)(holding that scope of reply brief is limited, and appellant abandons all issues not raised and argued in initial brief on appeal).

The undisputed summary judgement evidence demonstrates that, based on two accidents prior to Lacy's injury, the defendants were aware of a risk to inmate safety caused by defective wheels on the barrels used to transport hot water in the food services department. However, the undisputed evidence also demonstrates that the defendants took reasonable measures to prevent future accidents or injuries by replacing any broken wheels and providing additional training for the inmates who worked in the food services department. Thus, the defendants were entitled to qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Lacy does not challenge on appeal the district court's conclusion that the defendants took reasonable measures to abate the risk of injury from defective wheels. Moreover, Lacy has failed to establish by way of summary judgment evidence that the prior accidents were caused by plastic barrels collapsing on their own when filled with hot water. *See* FED. R. CIV. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The district court's grant of summary judgment is AFFIRMED.